UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,                    Criminal No. 14-13 ADM/JJK

　　　　　Plaintiff,

v.                                           **REPORT AND RECOMMENDATION**

JOEL RAFAEL SANCHEZ,

　　　　　Defendant.

　　　LeeAnn K. Bell, Esq., Assistant United States Attorney, for the plaintiff, United States of America;

　　　Douglas Olson, Esq., Assistant Federal Defender, for the defendant, Joel Rafael Sanchez.

　　　This action came on for hearing before the Court, Magistrate Judge Jeffrey J. Keyes, on March 13, 2014, at the U.S. Courthouse, 316 North Robert St., St. Paul, MN  55101.  The Court issued an Order on Motions dated March 13, 2014, reserving Defendant's motions to suppress statements and search and seizure evidence for submission to the District Court on Report and Recommendation. Testimony was presented at the hearing with regard to a vehicle stop and suppression of evidence.

　　　Based upon the file and documents contained therein, along with testimony presented at the hearing, the Magistrate Judge makes the following:

**FINDINGS**

　　　**September 26, 2013, Vehicle Stop.**  Minneapolis Police Officer

Nicholas J. Wasche and his patrol partner were on routine patrol duty in south Minneapolis at approximately 4:00 a.m. on the morning of September 26, 2013. While stopped at a stoplight at the intersection of Bloomington Ave. and 27th St., the officers observed a vehicle going through the intersection, heading east on 27th St.  The officers turned east onto 27th St. behind the vehicle and observed the driver, Defendant Joel Rafael Sanchez, turn into an alley.  The driver did not signal the turn and the officers followed the car into the alley, but the squad lights were not activated.  The vehicle stopped in the parking area of a multi-residential building at 2709 Bloomington, where it was parked behind two of the vehicles in the lot.  The vehicle partially blocked the alley as well.  The officers pulled behind the automobile which was still running.  Officer Wasche approached the driver's side of the car and asked the driver for identification and insurance documents.  The driver stated that he did not have a driver's license or proof of insurance, and that he had recently been arrested for reckless driving and driving without a valid license.  Officer Wasche instructed the driver to get out of the car.  The driver turned off the ignition got out of the vehicle.  He was not immediately arrested or placed in handcuffs, but he was pat searched and put into the squad car.  Defendant Sanchez provided Officer Wasche with a tribal identification which the officer used to confirm that the Defendant did not have a valid drivers license.  The records check also indicated that the Defendant was not the subject of any outstanding warrants.  However, the records accessed by the officer indicated

multiple instances of the Defendant's "failure to appear." Based upon the Defendant's record of failure to appear and his recent history of driving violations, along with the officer's reasonable belief that the Defendant was not likely to respond to a citation, Officer Wasche decided to arrest and detain the Defendant rather than issue a citation, pursuant to his arrest discretion under Minneapolis Police policy. Handcuffs were then placed on the Defendant and he was advised that he was under arrest. The *Miranda* rights advisory was not given.

Officer Wasche determined that the Defendant's vehicle would be towed in accordance with Minneapolis Police towing policy, based upon the lack of a drivers license and no proof of insurance. The decision to tow was further based upon the practical need to move the vehicle because it was parked in a manner that blocked two other parked vehicles and was partially blocking the alley; the vehicle was not registered to the address at which it was stopped; and the defendant had stated that the car did not belong to him. Prior to towing, Officer Wasche's squad partner initiated an inventory search of the vehicle. The Defendant was asked whether there was anything of value in the car, to which he responded that there were high-end speakers and car stereo equipment in the trunk. Upon opening the trunk the officer observed firearms. Defendant Joel Rafael Sanchez is charged in this case with being a felon in possession of firearms.

**Statements.** While transporting the Defendant to the Hennepin

County Jail for booking, Officer Wasche and the Defendant engaged in conversation about the Defendant's children and topics other than the stop and arrest. The Defendant had not been given the *Miranda* rights statement. At some point in the conversation the Defendant spontaneously stated that if he had known there were guns in the trunk he would have walked. The statement was not made in response to questioning by officers and was not otherwise solicited or coerced.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**CONCLUSIONS**

**Vehicle Stop and Arrest.** The stop of the vehicle driven by Defendant Joel Rafael Sanchez on September 26, 2013, was not unlawfully made in violation of the Defendant's constitutional rights. Also, the search of the vehicle was a lawfully conducted inventory search and Mr. Sanchez's subsequent arrest was based upon probable cause of his involvement in criminal activity. The Defendant's arrest was not an unlawful seizure of the defendant's person. Suppression of evidence on grounds that either the stop or the vehicle search was unlawful is not required.

Officer Wasche and his partner lawfully stopped the vehicle being driven by the Defendant upon observation of a traffic violation, i.e. failure to signal a turn. *United States v. Beard*, 708 F.3d 1062, 1065 (8th Cir. 2013) (police

observation of even a minor traffic violation provides articulable and reasonable suspicion to justify a vehicle stop.)  See also *United States v. Noonan*, __ F.3d __, 2014 WL 1063280 (8th Cir. March 20, 2014) (the totality of circumstances provides the basis for an officer's reasonable suspicion to make an investigative stop.)  The Defendant's subsequent arrest was lawful based upon the offenses of driving without a license and failure to provide proof of insurance.  The officer's decision to arrest and detain the Defendant, rather than issue a citation, was not an arbitrary or unreasonable exercise of discretion under circumstances in which the offender had a documented record of "failing to appear" and had admitted a recent stop for reckless driving and driving without a valid drivers license.

The search of the vehicle, including the trunk, was a lawful inventory search, conducted pursuant to Minneapolis Police Department policy on vehicle impounds and inventory searches.  *United States v. Hartje*, 251 F.3d 771, 775 (8th Cir. 1993) (*citing Colorado v. Bertine*, 479 U.S. 367, 32 (1987)).  The decision to impound the vehicle was consistent with standardized Minneapolis Police policy and was reasonable under circumstances such that the Defendant was not the registered owner of the car, the Defendant could not promptly produce proof of insurance, the vehicle was parked in a manner that, even if not illegal, would potentially interfere with alley traffic and the movement of other parked cars, and there was no other driver immediately available to move the car.

The warrantless inventory search was likewise lawfully conducted

pursuant to standardized policy implemented as a means to protect law enforcement officers from claims of lost or stolen property and to protect officers from potential danger.  *Id.* at 775-76.  There is no evidentiary or circumstantial support for any claim that the vehicle inventory search in this matter was a ruse for an impermissible investigatory search for incriminating evidence.  *See United States v. Marshall*, 986 F.2d 1171, 1175 (8th Cir. 1993).

The evidence in this case is sufficient to establish reasonable suspicion for the vehicle stop, probable cause for the Defendant's arrest, and a lawful basis for the vehicle search and the seizure of firearms from the car.  Suppression of evidence based upon either an unlawful vehicle stop or unlawful arrest and search is not required.

**Statements.**  Defendant Joel Rafael Sanchez's statements after his arrest while being transported to the Hennepin County Jail were not the product of police interrogation and were not obtained in violation of the Defendant's constitutional rights.  The Defendant's statement regarding guns in the trunk was a voluntary and spontaneous comment and was not made in response to questioning by officers, either express or implied.  *United States v. Waloke*, 962 F.2d 824, 828-29 (8th Cir. 1992).  Although Defendant was in custody in the back seat of the squad car on the way to jail when he made the statement that he would have walked if he had known that guns were in the trunk, there was no custodial interrogation conducted.  There is no evidence that the police officer's

words and actions were designed to elicit an incriminating statement from the Defendant.  *See  United States v. Noonan*, __ F.3d __, 2014 WL 1063280, *3 n.2 (*citing Butzin v. Wood*, 886 F.2d 1016, 1018 (8th Cir. 1989) *cert. denied*, 496 U.S. 909 (1990)).  Suppression of statements made by Joel Rafail Sanchez's during transport to jail is not required.  Moreover, statements and other evidence that may have been obtained subsequent to the stop and arrest were not the fruit of unlawful police actions, and suppression of evidence pursuant to the fruit of the poisonous tree doctrine is not required.  *See  Wong Sun v. United States*, 371 U.S. 471 (1963).

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

### RECOMMENDATION

The Court **hereby recommends** that:

1.  Defendant Joel Rafael Sanchez's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be **denied** [Docket No. 27]; and

2.  Defendant Joel Rafael Sanchez's Motion to Suppress Statements, Admissions, and Answers be **denied** [Docket No. 28].

Dated:     March 28, 2014    

     s/ Jeffrey J. Keyes    
Jeffrey J. Keyes  
United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 9, 2014, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.