UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Joel Rafael Sanchez,

       Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 14-13 ADM/JJK

___

LeeAnn K. Bell, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

Douglas Olson, Esq., Assistant Federal Defender, Minneapolis, MN, for Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Joel Rafael Sanchez's Objections [Docket No. 36] ("Obj.") to Magistrate Judge Jeffrey J. Keyes's March 28, 2014 Report and Recommendation [Docket No. 33] ("R&R").  In the R&R, Judge Keyes recommends denying: (1) Sanchez's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 27]; and (2) his Motion to Suppress Statements, Admissions, and Answers [Docket No. 28].  After a de novo review of the record, and for the reasons stated below, Sanchez's Objections are overruled and Judge Keyes's R&R is adopted.

## II. BACKGROUND

Minneapolis Police Officer Nicholas J. Wasche and his patrol partner were on routine patrol duty in south Minneapolis at 4:00 a.m. on September 26, 2013, when they observed Defendant Joel Rafael Sanchez drive into an alley without signaling the turn.  Obj. at 2.  The officers followed the vehicle into the alley, where the vehicle stopped in a parking area behind a

multi-unit residence.  The vehicle was protruding into the alley and was blocking two cars that were parked in the lot.  Id.

When asked for identification and insurance documents, Sanchez informed Officer Wasche that he did not have a driver's license and that he had been recently ticketed for driving without a valid license.  Id.  Sanchez was also unable to produce proof of insurance on the vehicle.  Id.  A records check confirmed that Sanchez's license was revoked and that Sanchez had several instances of failing to appear for recent driving violations.  Id.  Based on Sanchez's history of driving violations and failures to appear for driving citations, Wasche chose to arrest and detain him instead of issuing a citation.  Id.  The officers handcuffed Sanchez and placed him in the back of the squad car, without a Miranda warning.  Id.

Officer Wasche then decided to tow the vehicle because it was partially in the alley and blocking two other vehicles, and because Sanchez was unable to move the car due to his lack of a valid driver's license and proof of insurance.  Id. at 3.  Prior to towing the car, an officer performed an inventory search of the vehicle.  Id.  Sanchez was asked whether there was anything of value in the car, to which he responded that there was expensive stereo equipment in the trunk.  The officers opened the trunk and observed two handguns.  Id.

While transporting Sanchez to the jail for booking, Officer Wasche and Sanchez engaged in conversation, during which Wasche asked Sanchez about "what was going on out in the streets."  Id.  Later in the conversation, Sanchez stated something to the effect of: "If I had known my guns were in the trunk, I would have walked."  Id.

Sanchez is charged with being a felon in possession of firearms.  He has moved to suppress the handguns found in the inventory search.  He argues the search resulted from

arbitrary and unreasonable decisions by Officer Wasche to arrest him rather than giving him a citation, and to tow the car.  Sanchez has also moved to suppress the statement made in the squad car, arguing Wasche should have known the discussion about "what was going on out in the streets" was reasonably likely to elicit an incriminating response.  Judge Keyes heard argument and testimony on the motions and issued an R&R recommending denial of both motions.  Sanchez objects to the recommended denial of the motions, and requests suppression of the physical evidence and his custodial statement.

### III.  DISCUSSION

#### A.  Standard of Review

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

#### B.  Defendant's Objections

##### 1.  Inventory Search

The Court agrees with Judge Keyes's conclusion that the stop, arrest, and vehicle search were lawfully conducted and that suppression of evidence from the search is not required.  "Under the Fourth Amendment, law enforcement officers may stop a vehicle if they have 'an articulable and reasonable suspicion that a traffic violation has occurred,' even if the traffic violation is only minor."  United States v. Beard, 708 F.3d 1062, 1065 (8th Cir. 2013) (quoting United States v. Washington, 455 F.3d 824, 826 (8th Cir. 2006)); accord United States v.

$45,000.00 in United States Currency, No. 13-1073, 2014 WL 1465550, at *5 (8th Cir. April 16, 2014). Sanchez's failure to signal his turn provided lawful justification for stopping the vehicle. Additionally, Wasche's decision to arrest Sanchez rather than give him a ticket was not arbitrary and capricious in light of Sanchez's driving history and his multiple failures to appear and respond to previous driving citations.

The officer's decision to impound the vehicle was also lawful. "Police may exercise discretion to impound a vehicle 'so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.'" United States v. Petty, 367 F.3d 1009, 1012 (8th Cir. 2004) (quoting Colorado v. Bertine, 479 U.S. 367, 375 (1987)). An officer's exercise of judgment under an impoundment policy must be "based on concerns related to the purposes of an impoundment." Petty, 367 F.3d at 1012. Here, the decision to impound the vehicle was based on the officers' legitimate concerns that the car was parked in a location that would interfere with alley traffic and the movement of the other parked cars. Moreover, Sanchez lacked a valid driver's license, so he could not move the vehicle. Sanchez argues the officers should have moved the vehicle for him instead of impounding it, but the officers' decision not to move the car was reasonable, particularly given that they did not know who owned the car or whether it was insured.

Having properly decided to impound the vehicle, the officers' inventory search of the vehicle was lawful and justified. The police may conduct a warrantless search and inventory of an impounded vehicle "to protect the owner's property, to protect the police against claims of lost or stolen property, and to protect the police from potential danger." United States v. Hartje, 251 F.3d 771, 775 (8th Cir. 2001) (citing Bertine, 479 U.S. at 372). Thus, Judge Keyes properly

concluded that suppression of evidence based on the vehicle stop, arrest, and search is not required.

**2. Statement**

The statement made by Sanchez during transport is not subject to suppression because it was not in response to interrogation. "The requirements of Miranda are triggered only when a defendant is both in custody and being interrogated." United States v. Head, 407 F.3d 925, 928 (8th Cir. 2005). Interrogation includes express questioning from police officers, as well as "words or actions that officers should know are reasonably likely to elicit an incriminating response from a suspect." Id.; see also Rhode Island v. Innis, 446 U.S. 291, 301-02 (1980) ("[S]ince the police surely cannot be held accountable for the unforeseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response."). A voluntary statement that is not made in response to police interrogation is admissible even if a Miranda warning has not been given. Head, 407 F.3d at 928; United States v. Lockett, 393 F.3d 834, 837 (8th Cir. 2005).

Here, Officer Wasche's question about what was happening "on the streets" was not reasonably likely to elicit an incriminating response from Sanchez. Sanchez argues the question constituted interrogation because it was a subtle ruse to induce him to talk about crime. However, the question did not allude to crime. Moreover, the question was directed to "the streets" generally, did not call for an answer that was particular to Sanchez, and was unrelated to the arrest or the firearms. Thus, as Judge Keyes properly concluded, the comment by Sanchez that he would have walked had he known his guns were in the trunk was not the product of

5

interrogation. Rather, the comment was a voluntary and spontaneous statement for which suppression is not required.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Joel Rafael Sanchez's Objections [Docket No. 36] to Magistrate Judge Jeffrey J. Keyes's March 28, 2014 Report and Recommendation [Docket No. 33] are **OVERRULED**;

2. The Report and Recommendation [Docket No. 33] is **ADOPTED**;

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 27] is **DENIED**; and

4. Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 28] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  April 17, 2014.